UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MARIANN KOPER,                                         Case No. DG 09-00846
                                                       Chapter 7
                    Debtor.                            Hon. Scott W. Dales

_____/

DONNA G. ASHER,                                        Adversary Pro. No. 09-80214

                    Plaintiff,

v.

MARIANN KOPER,

                    Defendant.

_____/

MEMORANDUM OF DECISION AND ORDER
REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

This matter is before the court on Defendant Mariann Koper's Motion for Summary Disposition (DN 13, the "Motion"), which the court will treat as a motion under Fed. R. Civ. P. 56.  In her Motion, the Defendant contends that Plaintiff Donna G. Asher's complaint is barred by principles of "merger." See Motion at ¶ 17. The Plaintiff opposes the Motion. The court has determined that it can deny the Motion without oral argument.

I.     Jurisdiction

The court has jurisdiction over the Defendant's bankruptcy case pursuant to 28 U.S.C. § 1334(a), and this adversary proceeding falls within the court's "core jurisdiction" because it involves the dischargeability of a particular debt.  28 U.S.C. § 157(b)(2)(I).

II.    Summary Judgment Standards

A movant will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Lenning v. Commercial Union Ins. Co., 260 F.3d 574 (6th Cir. 2001).  This Motion raises primarily legal arguments involving the preclusive effect of a state court judgment, and the facts material to the legal arguments are not in dispute.[1]

III.   Analysis

The material and undisputed facts are as follows.  The Plaintiff and the Defendant were married to George Asher, albeit at different times:  the Plaintiff is Mr. Asher's ex-wife; the Defendant, his widow.  Upon Mr. Asher's death, the Defendant received the proceeds of a life insurance policy (the "Proceeds") -- the same Proceeds the Plaintiff claimed under her divorce decree. The Plaintiff commenced an action against the Defendant in state court and, based on the divorce decree, persuaded the court to impose a constructive trust on the Proceeds, in her favor. The parties ultimately entered into a settlement which the state court incorporated into the

---

[1] Because the court is denying the Motion for the reasons given below, the parties will have to try the factual questions involving the Defendant's alleged misconduct.

Stipulated Final Order Resolving All Obligations of Mariann Koper, Meghan Koper and Melissa Sklar to Donna Asher, dated May 23, 2008 (DN 14-6, the "Final Order").

Roughly eight months after entering into the Final Order, the Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Seeking to prevent the Defendant's discharge from extinguishing her rights under the Final Order, the Plaintiff timely sued the Defendant in the bankruptcy court, alleging fraud and invoking 11 U.S.C. § 523(a)(2) and 523(a)(4).

The Defendant contends, however, that the issues raised in this adversary proceeding were vigorously litigated in state court which "resolved all obligations" of the Defendant to the Plaintiff and were incorporated into the Final Order. See Motion at ¶ 1. More specifically, the Defendant argues that any fraud claim the Plaintiff might have used to support a non-dischargeability suit in the bankruptcy court was extinguished by the Final Order. See Motion at ¶ 2. In summary, the Defendant argues that the parties considered the alleged fraud during the state court proceeding, and by omitting it when drafting the Final Order, they finally and forever resolved any controversy about the nature of the Defendant's debt. Although the Defendant invokes principles of "merger," the court construes the argument as rooted either in *res judicata* (claim preclusion) or collateral estoppel (issue preclusion).

Although similar*, res judicata* and collateral estoppel are not the same. The principal difference is as follows:

> [R]*es judicata* bars a second action on the same claim or cause of action including all matters that were raised or could have been raised in the first action, while collateral estoppel precludes relitigation of only such issues as were actually raised, litigated and determined in the first action and the decision of which were necessary to the judgment rendered.

Vogel v. Kalita (In re Kalita), 202 B.R. 889, 893 (Bankr. W.D. Mich. 1996) (internal citation omitted).

Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, state law determines the preclusive effect of state court judgments.  Bay Area Factors v. Calvert (In re Calvert), 105 F.3d 315, 317 (6th Cir. 1997).  The Calvert court explained:

> 28 U.S.C. § 1738 directs a federal court to refer to the preclusion law of the State in which judgment was rendered.  It has long been established that § 1738 does not allow federal courts to employ their own rules…in determining the effect of state judgments.  Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken.

Id. (citing Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985) (internal quotation marks omitted)).

Although the Defendant's Motion is premised more on *res judicata* than collateral estoppel, given the similarities in the doctrines and for the sake of completeness, the court will address both preclusion doctrines.


A.   Collateral Estoppel (Issue Preclusion)

As noted above, this court must look to Michigan law to determine the collateral estoppel effect of the Final Order.  See 28 U.S.C. § 1738.  "Michigan has three requirements for collateral estoppel: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." McCormick v. Braverman, 451 F.3d 382, 397 (6th Cir. 2006) (citing Monat v. State Farm Ins. Co., 469 Mich. 679, 677 N.W.2d 843, 845-46 (Mich. 2004)).

The Motion relies on the premise that if the parties did not mention fraud in the Final Order, then the Defendant was absolved of such wrongdoing. In essence, the Defendant argues for exculpation by omission.  See Motion at ¶ 16 ("At no time does the settlement agreement make any money owing a judgment for fraud or other non-dischargeable debt, although it would have been so expected if that was the intention.").  It makes no sense, however, to treat an omission as a basis for collateral estoppel because anything omitted from a judgment, even a consent judgment, could not be "essential to the judgment." Of course, the parties could have bargained to include some provision in the Final Order establishing or negating fraud if they intended to be bound on this point, and the court would give such a provision preclusive effect, but they failed to do so.  See Van Pembrook v. Zero Mfg. Co., 146 Mich. App. 87, 380 N.W.2d 60 (1985) (explaining that Michigan does not give collateral estoppel effect to consent judgments except to the extent parties agree to be bound on a particular point or points).

Because Michigan's issue preclusion rules would not collaterally estop Plaintiff from asserting fraud in a later state court suit, she is not precluded from asserting it in this court.

### B. *Res Judicata* (Claim Preclusion)

The Defendant makes a stronger argument based on the doctrine of *res judicata*, but as a matter of bankruptcy policy, that doctrine does not apply in non-dischargeability litigation.

"Under *res judicata*,…an action resulting in a final judgment bars the relitigation of issues that were or could have been raised in that action as between the same parties or their privies in a subsequent suit on the same cause of action." Shaw v. Shaw (In re Shaw), 210 B.R. 992, 997 n.3 (Bankr. W.D. Mich. 1997) (citing Hackley v. Hackley, 426 Mich. 582, 590-91, 395 N.W.2d 906, 911 (1986)).  Normally, when a defendant claims that *res judicata* bars a

subsequent action, she must show two things: first, that the same transaction forms the basis for the prior and subsequent suits; and second, that the plaintiff neglected or failed to assert claims which in fairness should have been asserted in the first action. <u>Crowe v. Moran (In re Moran)</u>, 413 B.R. 168, 178 (Bankr. D. Del. 2009).

If the present suit did not involve the Defendant's discharge, the court would be inclined to accept her *res judicata* argument.  But where, as here, a defendant invokes *res judicata* to defeat a complaint to except a debt from the bankruptcy discharge, federal law requires a different result.  <u>See</u> <u>Brown v. Felsen</u>, 442 U.S. 127, 138-39 (1979) (*res judicata* does not apply in suits involving exceptions to discharge).  In a more recent opinion, the Supreme Court explained:

> Congress…intended to allow the relevant determination (whether a debt arises out of fraud) to take place in bankruptcy court, not to force it to occur earlier in state court at a time when nondischargeability concerns "are not directly in issue and neither party has a full incentive to litigate them."

<u>Archer v. Warner</u>, 538 U.S. 314, 321 (2003) (<u>citing</u> <u>Brown</u>, 442 U.S. at 134).  Therefore, because bankruptcy courts have exclusive jurisdiction over dischargeability matters, a party may not use the *res judicata* effect of a state court judgment to preclude a non-dischargeability suit in bankruptcy court.  <u>Shaw</u>, 210 B.R. at 997 n.3. "The mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt."' <u>Archer</u>, 538 U.S. at 320-21 (<u>citing</u> <u>Brown</u>, 442 U.S. at 139).

As a matter of federal law, state court orders do not have *res judicata* effect in bankruptcy dischargeability proceedings.  Therefore, the Final Order, which omits any reference

to the Defendant's supposed fraud in receiving the Proceeds,[2] does not bar Plaintiff from seeking

to except the debt from discharge.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 13) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of

Decision and Order Regarding Defendant's Motion for Summary Judgment upon Donna G.

Asher, Mariann Koper, Gerald G. Green, Esq., Robert A. Stariha, Esq., and the Chapter 7

Trustee, pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4.

---

[2] The Final Order does recite that the Defendant violated the Uniform Fraudulent Transfer Act, MCL § 566.31 *et seq.*, without specifying whether the violation involved actual or constructive fraud.

**IT IS SO ORDERED.**　　　　_____
　　　　　　　　　　　　　　　　　　　Scott W. Dales
　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge
**Dated: November 18, 2009**